IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CATALINA GONZALEZ, Individually and a/n/f ASHLEY MONREAL and DARNLEY BERNARDINO, minors. | § § § § § § | |
| *Plaintiffs,* | § § | CIVIL ACTION NO. 5:15-CV-205 |
| vs. | § § | |
| HEARTLAND EXPRESS, INC. and CHARLES DOUGLAS ROBINSON | § § § § | |
| *Defendants.* | § § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW Plaintiffs, Catalina Gonzalez, Individually and as *next friend* for her minor children Ashley Monreal and Darnley Bernardino complaining of Charles Douglas Robinson and Heartland Express, Inc. for cause of action, state:

I.

PARTIES

1.  Plaintiff Catalina Gonzalez, minor Plaintiff Ashley Monreal, and minor Plaintiff Darnley Bernardino are all residents of Mt. Pleasant, Titus County, Texas.

2. Defendant, Charles Douglas Robinson is an individual and citizen of the State of Florida.  Defendant Robinson may be served with process at his home at 6787 W. 23rd Street, Jacksonville, Florida 32209.

3. Defendant, Heartland Express, Inc. is citizen of the State of Iowa, with its principle place of business being North Liberty, Iowa. Defendant Heartland Express, Inc. may be served with process by service upon their registered agent, Michael Gerdin, 901 N. Kansas Avenue, North Liberty, Iowa 52317.

## II.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between Plaintiffs and Defendants.  Plaintiffs are a citizen of the State of Texas, Defendant Charles Douglas Robinson is a citizen of the State of Florida and Defendant Heartland Express, Inc. is an out-of-state corporation.

5. The amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand and No/100 Dollars ($75,000.00).

6. Venue in this district is proper under 28 U.S.C §1391(a)(2) because a substantial part of the events and/or omissions giving rise to this claim occurred in Mount Pleasant, Titus County, Texas.

## III.

## FACTS

7. On or about February 4, 2014, Plaintiff Catalina Gonzalez was stopped in the north-bound lane on South Florey Street at the intersection of East Ferguson in Mount

Pleasant, Titus County, Texas with Plaintiffs Ashley Monreal and Darnley Bernardino as her passengers.

8. Defendant Robinson, operating an eighteen wheeler owned by Defendant Heartland Express, Inc., was traveling east bound on East Ferguson in Mount Pleasant, Titus County, Texas. Defendant Robinson failed to control his speed, disregarded a red traffic signal, and collided with a Plaintiffs' vehicle.  Plaintiffs' vehicle spun out of control and collided with a stationary vehicle west bound on East Ferguson. As a result of the impact, Plaintiffs suffered serious bodily injuries and/or aggravation of the body.

## IV.

## NEGLIGENCE OF CHARLES DOUGLAS ROBINSON

9. At and immediately before the occurrence in question, Defendant, Charles Douglas Robinson was guilty of acts and/or omissions which constituted negligence. These acts and/or omissions include, but are not limited to, the following:

   a. Failing to keep a proper lookout;
   b. Failing to avoid the incident in question;
   c. Driver inattention;
   d. Failing to maintain the vehicle;
   e. Failing to control speed;
   f. Failing to operate the vehicle as a reasonable and prudent person would have done under the same or similar circumstances;
   g. Faulty evasive action; and
   h. Disregarding a red traffic signal.

10. Each of the above-mentioned acts or omissions constituted negligence which were the proximate cause or causes of the occurrence in question and the resulting damages sustained by the Plaintiff herein.

## V.

## NEGLIGENCE OF HEARTLAND EXPRESS, INC.

11. Defendant Heartland Express, Inc. was guilty of acts and/or omissions which constituted negligence. Defendant Heartland Express, Inc. is guilty of acts and/or omissions including, but not limited to, the following:

      a. Negligent entrustment;
      b. Negligent supervision;
      c. Respondeat Superior (as further discussed below);
      d. Failing to properly monitor a driver in training;
      e. Negligent hiring; and
      f. Negligent training.

## VI.

## RESPONDEAT SUPERIOR

12. At and immediately before the occurrence in question, Defendant Charles Douglas Robinson was an employee of Defendant Heartland Express, Inc., and the vehicle Defendant Robinson was operating was owned by Defendant Heartland Express, Inc.

13. Defendant, Charles Douglas Robinson was acting individually and/or on behalf of Defendant Heartland Express, Inc. within the course and scope of his duties of employment. Accordingly, Defendant Heartland Express, Inc. is vicariously liable for the actions and Negligence of its employee, Defendant Charles Douglas Robinson, under the theory of Respondeat Superior.

## VII.

## DAMAGES FOR CATALINA GONZALEZ

14. Plaintiff Catalina Gonzalez sustained serious bodily injuries as a direct and proximate result of the automobile collision.

15. As a direct and proximate result of the negligence of Defendants as alleged herein, Plaintiff Catalina Gonzalez suffered the following damages:

   a. Past medical expenses in the amount in excess of the minimum jurisdictional limits of the Court;
   b. Future medical expenses in excess of the minimum jurisdictional limits of the Court;
   c. Past and future physical impairment in excess of the minimum jurisdictional limits of the Court;
   d. Past and future pain and suffering in excess of the minimum jurisdictional limits of the Court;
   e. Lost wages and loss of earning capacity in the future; and
   f. Property damage.

## VIII.

## DAMAGES FOR ASHLEY MONREAL

16. Plaintiff Ashley Monreal sustained serious bodily injuries as a direct and proximate result of the automobile collision.

17. As a direct and proximate result of the negligence of Defendants as alleged herein, Plaintiff Ashley Monreal suffered the following damages:

   A. Past medical expenses in the amount in excess of the jurisdictional limits of the Court;
   B. Future medical expenses in excess of the minimum jurisdictional limits of the Court;
   C. Past and future physical disability in excess of the minimum jurisdictional limits of the Court;
   D. Past and future pain and suffering and mental anguish in excess of the minimum jurisdictional limits of the Court; and

E.  Disfigurement.

## IX.

## DAMAGES FOR DARNLEY BERNARDINO

18. Plaintiff Darnley Bernardino sustained serious bodily injuries as a direct and proximate result of the automobile collision.

19. As a direct and proximate result of the negligence of Defendants as alleged herein, Plaintiff Darnley Bernardino suffered the following damages:

A.  Past medical expenses in the amount in excess of the jurisdictional limits of the Court;
B.  Future medical expenses in excess of the minimum jurisdictional limits of the Court;
C.  Past and future physical disability in excess of the minimum jurisdictional limits of the Court;
D.  Past and future pain and suffering and mental anguish in excess of the minimum jurisdictional limits of the Court; and
E.  Disfigurement.

## X.

## PRAYER FOR RELIEF

FOR THE REASONS STATED, Plaintiffs pray that Defendants be cited in terms of law to appear and answer herein and that Plaintiffs, upon final trial of this cause, have judgment against Defendants in an amount in excess of the minimum jurisdictional limits of this Court, for costs of Court, pre-judgment and post-judgment interest at the highest legal rate, for the recovery of actual damages, and for such other and further relief, both special and general, to which Plaintiff may be entitled, in that of law and equity.

Respectfully Submitted,

*/s/ Matthew B. Flanery*
**MATTHEW B. FLANERY** *Lead Attorney*
State Bar No. 24012632
**DARREN GRANT**
State Bar No. 24012723
**GRANT & FLANERY, P.C.**
216 W. Erwin, Suite 200
Tyler, Texas 75702
Matt@GFTexas.com
(903) 596-8080  (Telephone)
(903) 596-8086  (Facsimile)

**ATTORNEYS FOR THE PLAINTIFFS**